

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-95,476-01

### EX PARTE TYRIK D'ANGELO GUY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1604838-A IN THE 262ND DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O P I N I O N

Applicant pleaded guilty to delivery of less than one gram of a controlled substance in Penalty Group One. He received deferred adjudication and was sentenced to three years' community supervision. On adjudication, he was sentenced to sixty days' imprisonment under Texas Penal Code § 12.44(a). Applicant did not file a direct appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant discharged this sentence in 2021. The habeas court finds credible Applicant's assertion that he continues to suffer consequences arising from this conviction, including its availability to impeach his credibility and to enhance the penalty in subsequent cases. Therefore,

Applicant is "confined" for purposes of Article 11.07.

Applicant claims that he was denied due process through the use of material false evidence and that his guilty plea was involuntary. These claims relate to the discovery of misconduct by former Houston Police Officer Gerald Goines, who was the primary officer involved in the alleged offense. Based on the record, the habeas court finds that Applicant was denied due process by the use of material false evidence against him and that Applicant's guilty plea was involuntary. *Ex parte Mathews,* 638 S.W.3d 685 (Tex. Crim. App. 2022); *Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014). The habeas court recommends granting relief on false evidence and involuntary plea grounds. We agree.

Relief is granted. *Ex parte Chabot*, 300 S.W.3d 768, 772 (Tex. Crim. App. 2009). The judgment in cause number 160483801010 in the 262nd District Court of Harris County is set aside. Applicant shall answer the charges as set out in the indictment. The trial court shall issue any necessary orders within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: February 28, 2024
Do not publish